[765 NYS2d 74]

In the Matter of JAMES F. ALLEN, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, July 3, 2003

## APPEARANCES OF COUNSEL

*Roderick Quebral, Principal Counsel, Eighth Judicial District Grievance Committee,* Buffalo, for petitioner.

*Mark R. Uba,* Buffalo, for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondents Allen and Lippes are law partners and maintain

an office for the practice of law in Buffalo. The Grievance Committee filed a petition charging respondents with acts of misconduct arising from the use and maintenance of the firm's trust accounts and from their participation in a business transaction with a client. In their answers, respondents denied material allegations of the petition, and a Referee was appointed to conduct a hearing. Prior to the hearing, the parties executed a stipulation resolving outstanding issues of fact. The Referee filed a report based upon the stipulated facts, which the Grievance Committee moves to confirm. Respondents appeared before this Court and submitted matters in mitigation.

The Referee found that, in two matters, respondent Lippes withdrew funds from the firm's trust accounts as legal fees prior to issuing settlement proceeds to all of the firm's clients. He rectified the shortages in the firm's trust accounts by depositing funds earned in unrelated matters and nonclient funds into those accounts. The Referee found with respect to respondent Allen that, although he had no knowledge of or direct involvement in any misconduct related to the firm's trust accounts, his position as a partner obligated him to review those accounts and to be aware of any improprieties and, consequently, that he was responsible for Lippes' misconduct pursuant to Code of Professional Responsibility DR 1-104 (d) (2) (22 NYCRR 1200.5 [d] [2]). Finally, the Referee found that respondents engaged in representation involving a conflict of interest when respondent Allen prepared promissory notes for loans made by a client to a company in which respondents were shareholders.

We confirm the findings of fact made by the Referee and conclude that respondents violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 5-101 (a) (22 NYCRR 1200.20 [a])—accepting or continuing employment if the exercise of professional judgment on behalf of the client will be or reasonably may be affected by their own financial interests;

DR 5-104 (a) (3) (22 NYCRR 1200.23 [a] [3])—entering into a business transaction with a client if they have differing interests therein from those of the client and if the client expects them to exercise professional judgment therein without fully disclosing the terms of the transaction to the client in writing and obtaining the consent of the client to those terms and to their inherent conflict of interest in the transaction;

DR 5-105 (a) (22 NYCRR 1200.24 [a])—failing to decline proffered employment if the exercise of independent professional

judgment in behalf of a client will be or is likely to be adversely affected by the acceptance of the proffered employment, or if it would be likely to involve them in representing differing interests;

DR 5-105 (b) (22 NYCRR 1200.24 [b])—continuing multiple employment if the exercise of independent professional judgment on behalf of a client will be or is likely to be adversely affected by their representation of another client, or if it would be likely to involve them in representing differing interests;

DR 9-102 (a) (22 NYCRR 1200.46 [a])—commingling clients' funds with personal funds;

DR 9-102 (b) (1) (22 NYCRR 1200.46 [b] [1])—failing to maintain clients' funds in a special account separate from their business or personal accounts;

DR 9-102 (c) (4) (22 NYCRR 1200.46 [c] [4])—failing to pay promptly to a client as requested funds in their possession that the client is entitled to receive; and

DR 9-102 (d) (1) (22 NYCRR 1200.46 [d] [1])—failing to maintain required records of bank accounts.

We have considered, in mitigation, that respondents previously had unblemished records after practicing law for more than 30 years and that they fully cooperated with the Grievance Committee's investigation. Additionally, we note the Referee's findings that the total amount of funds withdrawn by Lippes as legal fees did not exceed the amounts to which the firm was entitled and that no client suffered a loss as a result of the misconduct. Accordingly, after consideration of all of the factors in this matter, we conclude that respondents should be censured.

PINE, J.P., HURLBUTT, KEHOE and BURNS, JJ., concur.

Order of censure entered.